**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLE CIACCIO,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.  2:23-cv-2863** |
| **v.** | : | |
| | : | |
| **UPPER SAUCON TOWNSHIP** | : | |
| | : | |
| **and** | : | |
| | : | |
| **BOROUGH OF COOPERSBURG** | : | |
| **Defendants.** | : | |

**BRIEF IN SUPPORT OF
MOTION TO IMPOSE CHARGING LIEN FOR ATTORNEY'S FEES**

## I. INTRODUCTION

Movant, David L. Deratzian and with him Hahalis & Kounoupis, P.C., former counsel for Plaintiff, respectfully submits this Brief in Support of its Motion to Impose a Charging Lien upon the settlement proceeds in this matter.  This Court has already determined that Plaintiff authorized settlement. Although the case was dismissed pursuant to Local Rule 41.1(b), the Court retains authority to adjudicate counsel's entitlement to fees and to impose a charging lien on the settlement proceeds created through counsel's efforts.

## II. FACTUAL BACKGROUND

Movant represented Plaintiff in this action pending before this Court. Through Movant's efforts, the case was resolved by settlement in the amount of $300,000 along with certain non-monetary terms which do not affect the amount of the settlement.  A dispute arose concerning Plaintiff's authorization of the settlement, which this Court resolved after a hearing on June 5, 2026, by finding that Plaintiff did authorize settlement.

1

Accordingly, the Court denied Plaintiff's Motion to Re-open the matter pursuant to Local Rule 41.1(b).

## III. LEGAL STANDARD

Federal courts in this Circuit apply the law of Pennsylvania set forther in *Recht v. Clairton Urban Redevelopment Authority*, 168 A.2d 134, 138-139 (Pa. 1961) to determine attorney charging liens. *See eg., In re NFL Players Concussion Inj. Litig.*, 2025 U.S. App. LEXIS 22012, *10 (3rd Cir. 2025) Under Pennsylvania law, a charging lien is governed by, which permits a lien where:

1. A fund exists for distribution;
2. Counsel's efforts substantially created the fund;
3. There was an understanding that fees would be paid from the fund;
4. The lien is limited to fees and costs incurred; and
5. Equity supports the lien.

*Recht*, supra. *Accord, Austin v. Thyssenkrupp Elevator Corporation,* 254 A.3d 760 (Pa. Super. 2021); *Smith v. Hemphill*, 180 A.3d 773, 776 (Pa.Super. 2018).

*Austin* also considered the question of whether an executed settlement agreement was prerequisite to the establishment of a fund, and held that it was not, relying on *Appeal of Harris*, 186 A. 92 (Pa. 1936), in which the Pennsylvania Supreme Court held that

> The charging lien, originally, was defined to be the right of an attorney at law to recover compensation for his services from a fund recovered by his aid, and also the right to be protected by the court to the end that such recovery might be effected. Unlike the retaining lien, the charging lien does not depend upon possession, but upon the favor of the court in protecting attorneys, as its own officers, by taking care, *ex oequo et bono*, [according to the right and good] that a party should not run away with the fruits of

the cause without satisfying the legal demands of the attorney by whose industry those fruits were obtained.

*Id.* at 95.

## IV. ARGUMENT

### A. The Court Retains Ancillary Jurisdiction to Adjudicate the Charging Lien Despite Rule 41.1(b) Dismissal

It is well established in the Third Circuit that federal courts retain ancillary (supplemental) jurisdiction over attorney fee disputes arising from cases previously before them, even after the merits have been resolved.  In *Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212 (3rd Cir. 1987), the Third Circuit squarely held that a district court has jurisdiction to resolve disputes between a party and its former counsel regarding fees generated in the underlying litigation. The court explained that:

> ancillary jurisdiction exists to enable a court to "dispose of the principal case effectively" and to "do complete justice" in matters arising from that case .

Critically, *Novinger* emphasizes that this authority necessarily includes post-resolution fee disputes, because:

- Attorney fee disputes often cannot be resolved until the case concludes; and

- The court's ability to manage litigation would be impaired without authority to resolve such disputes.

The Third Circuit expressly held that federal courts have power to resolve attorney-client fee disputes after settlement or judgment, recognizing that "the rule of necessity… must be broad enough to permit the resolution of those disputes after the underlying case has been resolved." .

This principle applies directly here. The charging lien arises from:

3

- The same litigation previously before this Court;

- A settlement whose validity this Court has already adjudicated; and

- A fund created through proceedings in this Court.

Accordingly, the Court's exercise of jurisdiction is proper under both traditional ancillary jurisdiction doctrine and 28 U.S.C. § 1367.

### B. Dismissal Under Local Rule 41.1(b) Does Not Eliminate Jurisdiction Over Collateral Fee Matters

A dismissal under Local Rule 41.1(b) does not divest the Court of jurisdiction over collateral issues, including attorney's fees and liens. Under Supreme Court precedent, fee disputes and similar matters are collateral to the merits and remain within the Court's authority post-dismissal. The Third Circuit explained in *Butt v. United Brotherhood of Carpenters,* 999 F.3d 882 (3ʳᵈ Cir. 2021)

> As Chief Justice Marshall recognized: "[t]he jurisdiction of a [c]ourt is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied." *Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 23, 6 L. Ed. 253 (1825); see also *Riggs v. Johnson Cnty.*, 73 U.S. (6 Wall.) 166, 187, 18 L. Ed. 768 (1867) ("Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."). "It is well established that a federal court may consider collateral issues after an action is no longer pending," including "motions for costs or attorney's fees." *Cooter & Gell [v. Hartmarx Corp.*, 496 U.S. 384,] 395 [1990]; see also *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 n.13 (1982)(explaining that, even "years after the entry of a judgment on the merits," a federal court may award counsel fees); *Nat'l City Mortg. Co. [v. Stephen,]* 647 F.3d [78,] 85 (3ʳᵈ Cir. 2011)(holding the District Court had ancillary jurisdiction after judgment was entered in order to give effect to the remedy it granted).

The Third Circuit's reasoning in *Novinger* reinforces that principle: fee disputes are part of the court's inherent authority to manage litigation and ensure equitable

4

resolution of matters arising from it.   *Butt, supra.* (Jurisdiction over attorney fee disputes continues after the resolution of the underlying case).

Thus,

- The lien attaches to a fund created in this action;

- The Court has already ruled on the settlement's validity; and

- The dispute is inseparable from the underlying litigation.

Accordingly,  Rule 41.1(b) dismissal does not terminate jurisdiction over this motion.

Even if jurisdiction were questioned, this Court retains authority to reopen or modify its dismissal order under Federal Rule of Civil Procedure 60(b) and its inherent powers.  Courts in this Circuit routinely recognize that fee disputes tied to settlement may be resolved post-dismissal because they are necessary to effectuate the resolution of the case and distribution of settlement proceeds.

### C. This Case Falls Squarely Within Ancillary Jurisdiction Recognized by *Kokkonen*, Not Outside It

Any concern that dismissal under Local Rule 41.1(b) limits this Court's jurisdiction is addressed by *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), which confirms— rather than undermines—the Court's authority here.  *Kokkonen* held that a federal court does not automatically retain jurisdiction to enforce a settlement agreement after dismissal where the dispute is a new contract controversy between the parties and the court has not retained jurisdiction over enforcement. *Id.* at 381–82. But the Supreme Court simultaneously reaffirmed that federal courts retain ancillary jurisdiction over

collateral matters necessary to manage their proceedings and effectuate their decrees, including attorney-related disputes. *Id.* at 379–80.

This case falls squarely within that recognized category of ancillary jurisdiction. Unlike *Kokkonen*:

- Movant does not seek to enforce the settlement agreement as a contract between the parties;

- The dispute is not a new, freestanding controversy; and

- The issue arises directly from the attorney-client relationship in litigation before this Court.

Instead, Movant seeks to impose a charging lien on a fund created through this Court's proceedings—a classic exercise of ancillary jurisdiction long recognized by the Third Circuit in *Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212 (3d Cir. 1987).

Courts consistently distinguish *Kokkonen* on this basis, holding that attorney fee disputes and charging liens are collateral to the merits and remain within the court's jurisdiction even after dismissal, because they are necessary to:

- Resolve matters arising from the litigation;

- Protect the integrity of the court's processes; and

- Ensure equitable distribution of funds generated under the court's authority.

Moreover, the jurisdictional nexus here is even stronger than in *Kokkonen*, because this Court has already adjudicated the validity of the settlement and thereby confirmed the existence of the fund to which the lien attaches.

Accordingly, exercising jurisdiction over this motion is fully consistent with *Kokkonen* and the Third Circuit's application of ancillary jurisdiction principles.

### D. The Requirements for a Charging Lien Are Satisfied

All elements required by *Recht* are satisfied.

> First, a settlement fund exists, as confirmed by this Court's ruling on June 5, 2026 enforcing the settlement.

> Second, Movant's legal services were the direct and primary cause of that fund.

> Third, the attorney-client agreement contemplated that fees would be paid, in the absence of an award under 42 U.S.C. §1988, on a contingent basis from any recovery in an amount equal to 1/3 of the gross settlement.

> Fourth, the lien sought is limited to fees and costs incurred in this litigation.

> Fifth, equity strongly favors imposition of the lien. Neither Plaintiff nor her new counsel should not be permitted to retain the benefit of Movant's work without payment.

### E. Equity and Judicial Economy Strongly Favor Exercising Jurisdiction

As the Third Circuit recognized, federal courts have a "vital interest" in attorney fee arrangements because they directly affect the fair disposition of cases before the Court. Adjudicating the lien here:

- Prevents unjust enrichment;

- Avoids duplicative litigation; and

- Ensures proper distribution of a fund created under this Court's supervision.

No other forum is better positioned to resolve this dispute.

7

## V. CONCLUSION

For these reasons, Movant respectfully requests that this Court:

1. Exercise its ancillary jurisdiction to adjudicate this Motion;

2. Impose a charging lien in the amount of $100,000 upon the settlement proceeds;

3. Determine the amount of reasonable attorney's fees and costs due; and

4. Direct payment of such fees from the settlement fund prior to distribution to Plaintiff.

Respectfully submitted,
HAHALIS & KOUNOUPIS, PC


By: ___*/s/ David L. Deratzian*___
David L. Deratzian, Esquire
Identification No.  49841
20 E Broad Street
Bethlehem, PA. 18018
(610) 865-2608
E-Mail: David@Employmentlaw-lv.com


Date: June 10, 2026

8

## CERTIFICATION OF SERVICE

I hereby certify that on this 10th  day of June 2026, a true and correct copy of the

foregoing **Motion to Impose Charging Lien** was served upon all parties and counsel

of record by ECF filing and e-mail, as follows:

**For Plaintiff, Nicole Ciaccio:**
Jayden N. Peters, Esq.
Peters Law, PLLC
Email: JaydenNPeters@outlook.com

**For Defendants:**

John P. Gonzales, Esquire
Marshall Dennehey
Email: JPGonzales@MDWCG.com
*Attorneys for Upper Saucon Township*

Andrew M. Rongaus, Esquire
Siana Law
Email: amrongaus@sianalaw.com
*Attorneys for Borough of Coopersburg*

Respectfully submitted,

*/s/ David L. Deratzian*

Dated:  June 10, 2026