**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **NICOLE CIACCIO,** | |
| *Plaintiff,* | |
| v. | **Case No. 5:23-cv-02863-JDW** |
| **UPPER SAUCON TOWNSHIP, et al.,** | |
| *Defendants.* | |

**ORDER**

**AND NOW**, this 9th day of July, 2026, upon consideration of Plaintiff Nicole Ciaccio's former counsel David Deratzian's Motion To Impose Charging Lien For Attorney's Fees (ECF No. 106), I note as follows.

1.      Federal courts are courts of limited jurisdiction and possess only the power that the Constitution and statutes authorize. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Beyond federal question and diversity of citizenship jurisdiction, a court may exercise ancillary jurisdiction for two purposes: (a) to permit disposition by a single court of claims that are factually interdependent; and (b) to enable a court to manage its proceedings, vindicate its authority, and effectuate its decrees. *Id.* at 379–80; *see also In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.,* 911 F.3d 666, 671 (3d Cir. 2018).

2.      In this case, Mr. Deratzian's motion for a charging lien against settlement proceeds concerns a state law contractual dispute and is not factually interdependent with Ms. Ciaccio's underlying Section 1983 claims. Thus, Mr. Deratzian's motion does not implicate the first purpose.

3.      Mr. Deratzian's motion for a charging lien implicates the second purpose. Ancillary enforcement jurisdiction extends to attorneys' fees disputes following dismissal of a matter. *Butt v. United Bhd. of Carpenters & Joiners of Am.*, 999 F.3d 882, 888 (3d Cir. 2021) (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 447-48, 452, 454 (1982)). In *Butt*, the Third Circuit concluded that ancillary enforcement jurisdiction applied to a former counsel's request for a charging lien against settlement proceeds after the trial court dismissed the case with prejudice. *Id.* at 889. Thus, even though I did not retain jurisdiction over this matter when I issued an order of dismissal pursuant to Local Rule of Civil Procedure 41.1(b), I may exercise ancillary jurisdiction over Mr. Deratzian's motion for a charging lien consistent with Third Circuit precedent.

4.      Federal courts sitting in Pennsylvania apply Pennsylvania law to determine the validity of attorney charging liens. *See, e.g., Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 217-19 (3d Cir. 1987).

5.      Under Pennsylvania law, to establish a valid charging lien, Mr. Deratzian must establish: (a) a fund exists for distribution; (b) counsel's efforts substantially created the fund; (c) there was an understanding that fees would be paid from the fund; (d) the

lien claimed is limited to fees, costs, or other disbursements incurred by which the fund was raised; and (e) equitable considerations necessitate the recognition and application of the charging lien. *Recht v. Urb. Redev. Auth. of Clairton*, 402 Pa. 599, 608 (1961). Each element is a prerequisite to establishing a valid charging lien, and failure to prove any of the elements dooms a claim. *United States v. Fid.-Phila. Tr. Co.*, 459 F.2d 771, 775 (3d Cir. 1972).

6.      Under Pennsylvania law, an attorney's charging lien "attaches only to a fund in court or otherwise available for distribution." *Shenango Sys. Solutions, Inc. v. Micros Systems, Inc.*, 887 A.2d 772, 774 (Pa. Super. Ct. 2005) (quote omitted). Although I have not located a case that defines the concept of a "fund," Pennsylvania cases make clear that for these purposes, a fund consists of proceeds that a plaintiff or her lawyer has received or that otherwise have been set aside and held for distribution. This can include funds in a lawyer's escrow account, money held in a court's registry, money in a class action settlement fund, or other proceeds held for a similar purpose. *See, e.g., Smith v. Hemphill*, 180 A.3d 773, 777 (Pa. Super. Ct. 2018); *Brandywine Sav. & Loan Ass'n v. Redevelopment Auth. of Chester Cnty.*, 514 A.2d 673, 675 (Pa. Commw. Ct. 1986). A fund might exist before payment, but only if a court has finally adjudicated the obligation to pay. *See, e.g., Appeal of Harris*, 186 A. 92, 93-94 (Pa. 1936); *Austin v. Thyssenkrupp Elevator Corp.*, 254 A.3d 760, 765–66 (Pa. Super. Ct. 2021). On the other hand, when a court has not finally adjudicated

a matter and no one establishes that a plaintiff is entitled to any money, there is no fund.

*See Carb v. Allen*, 12 Pa. D. & C.4th 630, 633 (Pa. Ct. Com. Pl. Allegheny Cnty. 1991).

7.    Mr. Deratzian has not, at this point, established the existence of a fund that exists in court or that is available for payment. After the Parties reached their settlement, they informed me that Ms. Ciaccio had refused to sign a settlement agreement, and she then tried to reopen the case by claiming that the settlement agreement was not effective. Mr. Deratzian has not established in his Motion that Ms. Ciaccio has now signed the a settlement agreement or that defendants (or their insurers) have paid any money for distribution to Ms. Ciaccio.

8.    Mr. Deratzian suggests that my decision denying Ms. Ciaccio's request to reinstate this case enforced the settlement agreement and therefore created a fund. But he reads too much into my order. I did not approve a settlement or authorize the creation of a fund. Instead, I held that Ms. Ciaccio had not shown good cause under Local Rule of Civil Procedure 41.1(b) to reinstate this case or under Fed. R. Civ. P. 60 to vacate my order dismissing the case. I did so because I concluded that Ms. Ciaccio had agreed to settle the case and there had been no duress when she did so. But that's not the same as enforcing the settlement agreement, which the motion before me did not request that I do. Because I did not approve the settlement, there is no fund, so the claim fails at the first step.

9.    Mr. Deratzian's reliance on *Austin v. Thyssenkrupp Elevator Corp.* for its proposition that an executed settlement agreement is not a prerequisite to the

establishment of a fund is misplaced. 254 A.3d 760 (2021). In *Austin*, the Superior Court found that a fund existed under *Recht* because defendants possessed settlement proceeds and the court granted a motion to enforce a settlement agreement, despite the plaintiff's failure to sign a settlement release. *Id*. at 766. But without an order from me enforcing the settlement agreement, this case is different from *Austin*.

10.     Because the motion fails as to the first element, I could stop there. But, I think a word about the second element is necessary. It is clear to me that Mr. Deratzian is the only lawyer for Ms. Ciaccio whose efforts substantially created any fund that might arise. He litigated this case from its inception past summary judgment to the settlement on the eve of trial. Ms. Ciaccio's new counsel contributed nothing to that effort. He unsuccessfully disputed its effect, nothing more. That effort did not obtain anything of value for Ms. Ciaccio. Therefore, if a fund arises, Mr. Deratzian is the only lawyer who would be entitled to assert a charging lien in that fund.

Therefore, for the reasons stated above, it is **ORDERED** that Mr. Deratzian's Motion To Impose Charging Lien For Attorney's Fees (ECF No. 106) is **DENIED**. If circumstances change and there is a fund, Mr. Deratzian can file his motion anew.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.